UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LOCAL 210 HEALTH AND INSURANCE FUND,
LOCAL 210 DENTAL FUND and LOCAL 210
PENSION FUND,

         Plaintiff,

-against-

PERFECTO DISTRIBUTORS, LLC. d/b/a PERFECTO
DISTRIBUTORS, INC.
         Defendants.
------------------------------------------------------------X

**COMPLAINT**

**DOCKET NO.**

08 CV 3253

JUDGE CEDARBAUM

RECEIVED
APR 01 2008
U.S.D.C. S.D. N.Y.
CASHIERS

  Plaintiffs, Local 210 Health and Insurance Fund ("Health Fund"), Local 210 Dental Fund ("Dental Fund") and Local 210 Pension Fund, ("Pension Fund"), herein sometimes collectively referred to as the "Funds," by their attorneys Raab, Sturm, Goldman & Ganchrow, LLP, as and for their Complaint against Perfecto Distributors, LLC d/b/a Perfecto Distributors, Inc. ("Defendant Perfecto"), respectfully allege as follows:

### NATURE OF ACTION

  1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee dental benefit fund, and an employee pension benefit fund for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and as parties contractually bound by the collective bargaining agreements (as hereinafter defined) by the Funds and/or their designated representatives. This Complaint alleges

that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendant Perfecto violated its collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA. to the Health Fund and thereafter failing to tender the monies to the Welfare Fund.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant Perfecto and Defendants Levinson and Brodsky in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and

515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with International Brotherhood of Teamsters, Local 210, ("Union"), to invest and maintain those monies, and to distribute pensions, health and insurance benefits, and annuity payments to those employees eligible to receive them. The Funds maintain their offices and are administered at 110 Wall Street, New York, New York, in the City, County, and State of New York.

5. International Brotherhood of Teamsters, Local 210 ("Union") is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 110 Wall Street, New York, New York, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant Perfecto was and continues to be a for-profit domestic corporation doing business in the City of Port Chester, State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant Perfecto is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant Perfecto became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, pursuant to the Agreement with Union.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## (FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANT PERFECTO )

7.   The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this complaint, as if fully set forth hereat.

8.   As a result of work performed by individual employees of Defendant Perfecto, pursuant to the Agreement, there became due and owing to Funds from Defendant the amount of $20,832.00 as fringe benefit contributions for the months of November 2007 though and including March 2008 for both the warehouse unit and salespersons unit.

9.   To date, the sums described above claimed as owed to and contractually due to the Funds have not been paid by Defendant Perfecto, although all fringe benefit contributions have been duly demanded and the Funds have been damaged in the amount of $20,832.00.

10.   The failure, refusal or neglect of Defendant Perfecto to make the required contributions to plaintiffs' Funds constitutes a violation of the Agreement between Defendant Perfecto and the Union with respect to which plaintiffs Funds are third-party beneficiaries.

11.   Accordingly, Defendant Perfecto is liable to the Funds for fringe benefit contributions in the amount $20,832.00 due for the period November 1, 2007 through March, 2008, plus such other or further amounts as will be found due and owing pursuant to an audit of Defendant Perfecto's books and records for the period July 1, 2007 to present, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant Perfecto.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## (FUNDS' CLAIM FOR BREACH OF ERISA
## OBLIGATIONS BY DEFENDANT PERFECTO)

12. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this Complaint, as if fully set forth hereat.

13. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

14. Upon information and belief, at all times material hereto, Defendant Perfecto failed to pay or timely pay and/or submit the required monetary contributions and/or reports to plaintiffs Funds due. Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

15. Section 502 of ERISA (29 U.S.C. § 11132) provides that, upon a finding of an employee violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff Funds, the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiffs Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

16. Accordingly, Defendant Perfecto is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANT PERFECTO)

17. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 21 of this Complaint, as if fully set forth hereat.

18. Pursuant to the terms and conditions of the Agreements, Defendant Perfecto is required to timely pay fringe benefit contributions and submit reports to the Funds, for so long as Defendant Perfecto remains obligated to do so pursuant to the Agreements.

19. Upon information and belief, Defendant Perfecto has failed to timely pay and/or submit fringe benefit contributions to the Funds for the period July, 2007 through March, 2008, and is currently in breach of its obligations under the Agreement. Defendant Perfecto's prior conduct demonstrates a significant likelihood that it will continue to breach the terms of the Agreemenst.

20. The Funds have no adequate remedy at law to insure that Defendant Perfecto will adhere to the terms of the Agreements.

21. The Funds will suffer immediate and irreparable injury unless Defendant Perfecto, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds.

22. Accordingly, the Funds request this Court issue an injunction permanently enjoining Defendant Perfecto, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or

reports to the Funds.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### (FUNDS' CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA AGAINST DEFENDANT PERFECTO)

23. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 22 of this Complaint, as if fully set forth hereat.

24. Pursuant to the provisions of ERISA and the Agreements, Defendant Perfecto is required to timely pay and submit fringe benefit contributions and/or reports to the Funds, for so long as Defendant remains obligated to do so pursuant to the Agreements.

25. Upon information and belief, Defendant Perfecto has failed to timely pay and/or submit fringe benefit contributions to the Funds for the period July, 2007 through March, 2008 and is currently in breach of its statutory obligations under ERISA. Defendant Perfecto's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory provisions.

26. The Funds have no adequate remedy at law to insure that Defendant Perfecto will continue to adhere to its statutory obligations.

27. The Funds and employee beneficiaries will suffer immediate and irreparable injury unless Defendant Perfecto, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of audits for so long as Defendant Perfecto remains obligated to do so pursuant to ERISA.

28. Accordingly, the Funds request this Court issue an injunction permanently enjoining Defendant Perfecto, its officers, agents, servants, employees and all persons in active

concert or participation with it who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions.

**WHEREFORE,** plaintiff Funds demand judgment:

a. against Defendant Perfecto for payment of all past due contributions in the amount of $20,832.00 for the period through March 2008;

b. against Defendant Perfecto for payment of all contributions and interest which became due for the period November 2007 to date, and which become due during the pendency of this action;

c. against Defendant Perfecto for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2);

d. against Defendant Perfecto for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2);

e. for an Order permanently enjoining Defendant Perfecto, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports;

g. for an Order permanently enjoining Defendant Perfecto, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions in accordance with ERISA and the applicable Agreement;

h. Such other and further relief as the Court deems just and proper.

h.  for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 27, 2008

RAAB, STURM, GOLDMAN & GANCHROW, LLP

By: _____
Ira A. Sturm (IS-2042)
*Attorneys for Plaintiffs Funds*
330 Madison Avenue, Suite 2010
New York, New York 10017
Tel. 212- 683-6699
Fax 212- 779-8596

G:\ias\Local 210\Perfecto Distributors\Complaint 3.25.08.wpd