UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

LOCAL 210 HEALTH AND INSURANCE FUND,      :
LOCAL 210 DENTAL FUND and LOCAL 210       :
PENSION FUND,                             :          **AFFIDAVIT IN SUPPORT**
                                          :          **OF DEFAULT**
                         Plaintiff,       :
                                          :
                                          :
   -against-                              :          **DOCKET NO.** 08-CV-3253
                                          :                  (BSJ)(AJP)
PERFECTO DISTRIBUTORS, LLC. d/b/a PERFECTO :
DISTRIBUTORS, INC.                        :
                         Defendants.      :
------------------------------------------------------------------X

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

     IRA A. STURM, being duly sworn deposes and says:

1.    I am a partner in the law firm of Raab, Sturm, Goldman & Ganchrow, LLP., attorneys for

    Plaintiff, Local 210 Health and Insurance Fund, Local 210 Dental Fund and Local 210

    Pension Fund, herein collectively referred to as the "Funds." This affidavit is submitted in

    compliance with the Order of Magistrate Andrew J. Peck dated June 4, 2008 and pursuant

    to Local Rules 55.1 and 55.2 (a) in support of the Funds' motion for granting summary

    judgement on default. The facts set both herein are based upon my direct knowledge, except

    where stated to be upon information and belief, and as to said facts, same are believed to be

    true.

2.    The underlying Complaint alleged that Perfecto Distributors LLC. d/b/a Perfecto

    Distributors, Inc. ("Defendant") violated the Employee Retirement Income Security Act (29

    U.S.C.§ 1132 (a)(3) and 1145) ("ERISA") and Section 301 of the Taft-Hartley Act (29

    U.S.C.§ 185) by Defendant's breach of its collective bargaining agreement with International

Brotherhood of Teamsters, Local 210 (Union), by failing to make timely contribution of monies owed to the Funds.

3.    The action was commenced on April 1, 2008 by the filing of a complaint. (A copy of the Complaint is annexed hereto as Exhibit "A"). On April 22, 2008 Defendant was served with a Summons and Complaint. (A copy of the Affidavit of Service is annexed hereto as Exhibit "B"). Defendant has not answered the Complaint and the time to answer has expired.

4.    Defendant is well aware of the pendency of this action. Settlement discussions have been held between Keith Levinson, the president of Defendant, and this affiant. The discussions have not achieved the desired result, to wit, a signed agreement.

5.    The Complaint sought two types of relief. The Complaint sought payment of the delinquent contributions, including interest, contractual and statutory liquidated damages, attorneys fees and costs. The Fund also sought prospective relief to assure that future payments would be made on a timely basis.

6.    At the time suit was filed, the Funds estimated the arrears owed through March 2008 as $20,832.00. I have been advised by the Funds that there has been partial payments since this action was commenced. However, upon review and calculation, the amount owed in principal as of June, 2008 has been calculated by the Funds as $32,629.00 to the Health Fund and $39,940.00 to the Pension Fund, for a total of $72,569.00. (Annexed hereto as Exhibit "C" is a calculation of the principal owed as prepared by a representative of the Funds). On June 11, 2008 payments were received, reducing the amounts owed to the Health Fund to $25,379 and to the Pension Fund to $38,941.00, for a total delinquency of $64,320.00 . This figure is an unaudited figure and is based upon information provided by the Defendant to the Funds. Accordingly, if Defendant has been under-reporting the number of covered

employees, the Funds would no have knowledge of same at this time. Such would be disclosed in an audit which is demanded as part of a judgment.

7.    Pursuant to the Funds' Trust Agreement, a rule was promulgated establishing interest at 6% per annum and liquidated damages at 2% per month. The Funds have calculated these sums and at the present time interest and liquidated damages owed total $2,490.59 (Annexed hereto as Exhibit "D" is a calculation of interest and liquidated damages made by the Funds' auditors.)

8.    The Funds have also demanded in the Complaint that preliminary and permanent injunctive relief be granted to the Funds to compel Defendants to timely submit all future reports and contributions to the Funds. (See Third and Fourth Causes of Action).

9.    The following legal analysis is provided to establish the Funds' entitlement to interest at 6% per year; liquidated damages at 2% per month; injunctive relief and attorneys fees.

10.    Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1145, provides as follows:

> "Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement."

11.    Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), provides that:

> "In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgement in favor of the plan is awarded, the Court shall award the plan:
>
> (A)    the unpaid contributions;
> (B)    interest on the unpaid contributions;
> (C)    an amount equal to the greater of
>        (i) interest on the unpaid contributions; or
>        (ii) liquidated damages provided for under the plan in an

amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law)

of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of the action, to be paid by the defendant; and

(E)    such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code."

12.    The provisions in the above-quoted section for interest, liquidated damages and legal fees are <u>mandatory.</u> <u>Lewart v. Woodhull Care Center Associates,</u> 549 F. Supp. 879 (S.D.N.Y. 1982). *See also* <u>Carpenters Health Benefit Fund v. Ryan Construction Co.,</u> 767 F.2d 1170 (5th Cir. 1985); <u>Gilles v. Burton Construction Co.,</u> 736 F.2d 1142 (7th Cir. 1984); <u>Carriers Container Council v. Mobile S.S. Associates,</u> 896 F.2d 1330 (11th Cir. 1990).

13.    In the context of the legislative history of ERISA, Congress made it quite clear that injunctive relief of the nature being sought is proper. As the Sixth Circuit Court of Appeals summarized in <u>Laborers Fringe Benefit Funds v. Northwest Concrete,</u> 640 F.2d 1350, 1352 (6th Cir. 1981):

> The legislative history underlying section 502 indicates that Congress intended that the enforcement provisions should have teeth: the provisions should be liberally construed "to provided both the Secretary and participants and beneficiaries with broad remedies for redressing or preventing violations of the Act." H.R. Rep. No. 93-533, 93d Cong.

> 2d Sess. 17, *reprinted in* [1974] U.S. Code. & Ad. News p. 4655. This history further states that "[t]he intent of the Committee is provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants." Id.

> Thus, on the basis of the plain language of the statute and the attendant legislative history, we hold that Section 502(a)(3), is unambiguous evidence of Congress' express intent to permit federal courts to issue injunctions.

> Therefore, the district court below had authority under Section(a)(3) to enjoin the defendants' misconduct.

This analysis was adopted by the Second Circuit in <u>Iron Workers Dist. Council v. Hudson Steel,</u> 68 F3d 1502, 1506 (2d Cir. 1995). The Second Circuit added upon this analysis by quoting from a staff report of the Senate Committee on Labor and Human Resources as cited in <u>Central States, Southeast and Southwest Areas Pension Fund v. Alco Express Co.,</u> 522 F. Supp. 919, 921-923 (E.D. Mich. 1981):

> "Delinquencies of employers in making required contributions are a serious problem for most multiemployer plans. Failure of employers to make promised contributions in a timely fashion imposes a variety of costs on plans...
>
>> Recourse available under current law for collecting delinquent contributions is insufficient and unnecessarily cumbersome and costly. Some simple collection actions brought by plan trustees have been converted into lengthy, costly and complex litigation concerning claims and defenses unrelated to the employer's promise and the plans' entitlement to the contributions. This should not be the case. Federal pension law must permit trustees of plans to recover delinquent contributions efficaciously...
>>
>> The public policy of this legislation to foster the preservation of the private multi-employer plan system mandates that provision be made to discourage delinquencies and simplify delinquencies collection.

68 F.2d at 1506.

14.    An employer's defenses to an ERISA action are very limited. "Once an employer knowingly signs an agreement that requires him to contribute to an employee benefit plan, he may not escape his obligations by raising defenses that call into question the union's ability to enforce the contract as a whole". <u>Benson v. Brower's Moving and Storage Inc,</u> 907 F3d 310, 314 (2nd Cir. 1990).

15.    "ERISA collection cases are exceptions from the general rule of equity will not enjoin either prohibitively or mandatorily the payment of money." <u>Demolition Workers Union Local 95</u>

Insurance Annuity and Pension Funds v. Mac Contracting Corp. 2000 U.S. Dist Lexis

3548*27 (S.D.N.Y. March 22, 2000), citing Central States v. Hester, 1984 U.S. Dist Lexis

15454*5-6 (N.D. III July 6, 1984.) Central States stands for the proposition that as a matter

of law, a contributing employer's failure to make required contributions compromises the

financial soundness of fringe benefit funds and results in irreparable harm. 1984 U.S. Dist

Lexis 15154 at *6. Accord, Laborers Fringe Benefit Funds v. Northwest Concrete and

Construction Inc., 640 F.2d 1350 (6th Cir. 1981); Board of Trustees v. Dibella Roofing, Inc.

2005 U.S. Dist Lexis 30146*12 (E.D.N.Y. October 26, 2005); King v. Nelco Industries 1996

U.S. Dist Lexis 22521 (E.D.N.Y. October 29, 1996). Courts have consistently ordered

injunctive relief to be imposed upon employers who ignore their ERISA obligations. See

Demolition Workers, supra.; MacRoyce, supra. See also, Chartier v. J&F Management Corp.,

1992 U.S. Dist Lexis 17853 (S.D.N.Y. November 25, 1992); McCrory v. G.C. Monaco

Electric, Inc., 1989 U.S. Dist Lexis 7573 (S.D.N.Y. July 5. 1989).

16.    Annexed here to as Exhibit "E" is a summary of the contemporary time records for the time

spent by this officiant in connection with the instant litigation. The Funds' are on an hourly

retainer with this officiant's firm. The hourly fee for work on behalf of the Funds is $250.00.

To date, the Funds has incurred seventeen hours of fees in the amount of $3,500.00 in

pursuing this matter.

17.    Annexed hereto as Exhibit "F" is a proposed judgment. The proposed Judgment language

addresses the monetary issues, as well as the injunctive issues.

18.    Annexed hereto as Exhibit "G" is the Clerk's Certification that no answers have been filed.

WHEREFORE, the Funds respectfully request entry of a default in the form of the annexed

judgment against the Defendant.

_____
Ira A. Sturm

Sworn to before me this
13th Day of June, 2008

_____
NOTARY PUBLIC

ARI GANCHROW
Notary Public, State of New York
No. 02GA6129583
Qualified in New York County
Commission Expires June 27, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 3253

------------------------------------------------------------X

LOCAL 210 HEALTH AND INSURANCE FUND, :
LOCAL 210 DENTAL FUND and LOCAL 210 :
PENSION FUND, :    **COMPLAINT**

                    Plaintiff, :    **DOCKET NO.**

   -against- :

                 :

PERFECTO DISTRIBUTORS, LLC. d/b/a PERFECTO :
DISTRIBUTORS, INC. :
                Defendants. :

------------------------------------------------------------X

APR 0 1 2008

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, Local 210 Health and Insurance Fund ("Health Fund"), Local 210 Dental

Fund ("Dental Fund") and Local 210 Pension Fund, ("Pension Fund"),herein sometimes collectively

referred to as the "Funds," by their attorneys Raab, Sturm, Goldman & Ganchrow, LLP, as and for

their Complaint against Perfecto Distributors, LLC d/b/a Perfecto Distributors, Inc.("Defendant

Perfecto"), respectfully allege as follows:

## NATURE OF ACTION

1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the

Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145),

(hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of

1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare

benefit fund, an employee dental benefit fund, and an employee pension benefit fund for injunctive

and other equitable relief under ERISA and for breach of contract to secure performance by an

employer of specific statutory and contractual obligations to pay and/or submit the required monetary

contributions and as parties contractually bound by the collective bargaining agreements (as

hereinafter defined) by the Funds and/or their designated representatives.  This Complaint alleges

that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendant Perfecto violated its collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA. to the Health Fund and thereafter failing to tender the monies to the Welfare Fund.

## JURISDICTION

2.      Jurisdiction of this Court is invoked under the following statutes:

      (a)      Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

      (b)      Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

      (c)      28 U.S.C. Section 1331 (federal question); and

      (d)      28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.      Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)).  Service of process may be made on Defendant Perfecto and Defendants Levinson and Brodsky in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4.      The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and

515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)).    The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with International Brotherhood of Teamsters, Local 210, ("Union"), to invest and maintain those monies, and to distribute pensions, health and insurance benefits, and annuity payments to those employees eligible to receive them. The Funds maintain their offices and are administered at 110 Wall Street, New York, New York, in the City, County, and State of New York.

5.    International Brotherhood of Teamsters, Local 210 ("Union") is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 110 Wall Street, New York, New York, in the City, County, and State of New York.

6.    Upon information and belief, at all times material hereto Defendant Perfecto was and continues to be a for-profit domestic corporation doing business in the City of Port Chester, State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant Perfecto is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant Perfecto became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, pursuant to the Agreement with Union.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANT PERFECTO )

7.    The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this complaint, as if fully set forth hereat.

8.    As a result of work performed by individual employees of Defendant Perfecto, pursuant to the Agreement, there became due and owing to Funds from Defendant the amount of $20,832.00 as fringe benefit contributions for the months of November 2007 though and including March 2008 for both the warehouse unit and salespersons unit.

9.    To date, the sums described above claimed as owed to and contractually due to the Funds have not been paid by Defendant Perfecto, although all fringe benefit contributions have been duly demanded and the Funds have been damaged in the amount of $20,832.00.

10.    The failure, refusal or neglect of Defendant Perfecto to make the required contributions to plaintiffs' Funds constitutes a violation of the Agreement between Defendant Perfecto and the Union with respect to which plaintiffs Funds are third-party beneficiaries.

11.    Accordingly, Defendant Perfecto is liable to the Funds for fringe benefit contributions in the amount $20,832.00 due for the period November 1, 2007 through March, 2008, plus such other or further amounts as will be found due and owing pursuant to an audit of Defendant Perfecto's books and records for the period July 1, 2007 to present, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant Perfecto.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA
### OBLIGATIONS BY DEFENDANT PERFECTO)

12.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this Complaint, as if fully set forth hereat.

13.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

14.     Upon information and belief, at all times material hereto, Defendant Perfecto failed to pay or timely pay and/or submit the required monetary contributions and/or reports to plaintiffs Funds due.  Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

15.     Section 502 of ERISA (29 U.S.C. § 11132) provides that, upon a finding of an employee violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff Funds, the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiffs Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

16.     Accordingly, Defendant Perfecto is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF
### AGAINST DEFENDANT PERFECTO)

17.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 21 of this Complaint, as if fully set forth hereat.

18.     Pursuant to the terms and conditions of the Agreements, Defendant Perfecto is required to timely pay fringe benefit contributions and submit reports to the Funds, for so long as Defendant Perfecto remains obligated to do so pursuant to the Agreements.

19.     Upon information and belief, Defendant Perfecto has failed to timely pay and/or submit fringe benefit contributions to the Funds for the period July, 2007 through March, 2008, and is currently in breach of its obligations under the Agreement. Defendant Perfecto's prior conduct demonstrates a significant likelihood that it will continue to breach the terms of the Agreemenst.

20.     The Funds have no adequate remedy at law to insure that Defendant Perfecto will adhere to the terms of the Agreements.

21.     The Funds will suffer immediate and irreparable injury unless Defendant Perfecto, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds.

22.     Accordingly, the Funds request this Court issue an injunction permanently enjoining Defendant Perfecto, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or

reports to the Funds.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### (FUNDS' CLAIM FOR INJUNCTIVE RELIEF
### PURSUANT TO ERISA AGAINST DEFENDANT PERFECTO)

23.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 22 of this Complaint, as if fully set forth hereat.

24.     Pursuant to the provisions of ERISA and the Agreements, Defendant Perfecto is required to timely pay and submit fringe benefit contributions and/or reports to the Funds, for so long as Defendant remains obligated to do so pursuant to the Agreements.

25.     Upon information and belief, Defendant Perfecto has failed to timely pay and/or submit fringe benefit contributions to the Funds for the period July, 2007 through March, 2008 and is currently in breach of its statutory obligations under ERISA.  Defendant Perfecto's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory provisions.

26.     The Funds have no adequate remedy at law to insure that Defendant Perfecto will continue to adhere to its statutory obligations.

27.     The Funds and employee beneficiaries will suffer immediate and irreparable injury unless Defendant Perfecto, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of audits for so long as Defendant Perfecto remains obligated to do so pursuant to ERISA.

28.     Accordingly, the Funds request this Court issue an injunction permanently enjoining Defendant Perfecto, its officers, agents, servants, employees and all persons in active

concert or participation with it who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions.

**WHEREFORE,** plaintiff Funds demand judgment:

a.     against Defendant Perfecto for payment of all past due contributions in the amount of $20,832.00 for the period through March 2008;

b.     against Defendant Perfecto for payment of all contributions and interest which became due for the period November 2007 to date, and which become due during the pendency of this action;

c.     against Defendant Perfecto for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2);

d.     against Defendant Perfecto for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2);

e.     for an Order permanently enjoining Defendant Perfecto, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports;

g.     for an Order permanently enjoining Defendant Perfecto, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions in accordance with ERISA and the applicable Agreement;

h.     Such other and further relief as the Court deems just and proper.

h.    for such other and further relief as the Court deems just and proper.

Dated: New York, New York
        March 27, 2008

                        RAAB, STURM, GOLDMAN & GANCHROW, LLP

                        By:_____
                            Ira A. Sturm (IS-2042)
                            *Attorneys for Plaintiffs Funds*
                            330 Madison Avenue, Suite 2010
                            New York, New York 10017
                            Tel. 212- 683-6699
                            Fax 212- 779-8596

G:\ias\Local 210\Perfecto Distributors\Complaint 3.25.08.wpd

## AFFIDAVIT OF SERVICE

# UNITED STATES DISTRICT COURT
## Southern District of New York

Index Number: 08CV3253

Date Filed: 4/1/2008

Plaintiff:
**Local 210 Health and Insurance Fund, Local 210 Dental Fund and
Local 210 Pension Fund**
vs.
Defendant:
**Perfecto Distributors, LLC d/b/a Perfecto Distributors, Inc.,**

Received these papers to be served on **Perfecto Distributors LLC d/b/a Perfecto Distributors, Inc., 36 Midland
Avenue, Port Chester, NY 10573.**

I, John Lepore, being duly sworn, depose and say that on the **22nd day of April, 2008** at **9:30 am,** I:

served a **CORPORATION** by delivering a true copy of the **Summons In A Civil Action and Complaint** upon
**Keith Levinson as Managing Agent for Perfecto Distributors LLC,** at the address of **36 Midland Avenue, Port
Chester, NY 10573,** said individual stated that she/he was authorized to accept legal process.

**Description** of Person Served: Age: 35, Sex: M, Race/Skin Color: White, Height: 5'9", Weight: 170, Hair:
Brown, Glasses: N

State of New York, County of Westchester, ss: I certify that the above information is accurate and true. I am not a
party to the action, am over the age of 18 and reside in the State of New York.

Sworn to before me on the 23rd day of April, 2008

NOTARY PUBLIC

John Lepore
Process Server

Elleen _____
Notary Public, _____
No. 01EA_____
Qualified in Westchester _____
Commission Expires _____

Our Job Serial Number: 2008003313

Service Fee: _____

Copyright © 1992-2008 Database Services, Inc. - Process Server's Toolbox V6.2c

June 6, 2008

To: Ira Sturm

From: Kevin McCulloch

Re: Perfecto Delinquency

I worked up the numbers of what Perfecto owes through June 2008. They paid a total of $48,852 to the Health and Insurance Fund. The amount they should have paid was $81,481 leaving a balance of $32,629.

With regard to the Pension Fund they paid $12,097 and should have paid $19,408 leaving a balance owed of $7,311. The total owed between both Funds was $39,940.

Because of the way Perfecto paid and the way payments were recorded by the Funds Buchbinder may take a little time in calculating the liquidated damages. It is up to you to estimate the damages or wait for the figure from Buchbinder?

I am including my calculations in case you are interested.

By fax

Date: Thu, 5 Jun 2008 09:46:18 -0400 [09:46:18 EDT]
From: June Yorkus <jyorkus@crossroadshc.com>
To: kmcculloch@ibtlocal210.org
Subject: Perfecto

*Health + Insurance*

Kevin:

Below are the payments for Perfecto:

**Perfecto 81283**   *( Sales) Drivers*

**2007**   PAID                              OWED –

| Month | Paid | Date | Check | Owed |
|---|---|---|---|---|
| Jan | $2598. | 8/27/08 | ck # 21713 | 4763 |
| Feb. | $2598. | 11/20/07 | ck # 22440, 21713 | 4763 |
| March | $2598. | 11/2/07 | ck # 22282 | 2598 |
| April | $2598. | 1/9/08 | ck # 22751 | 2598 |
| May | $2598 | 1/9/08 | ck # 22751 | 2598 |
| June | $2598 | 3/7/08 | ck # 23160 | 2598 |
| July | $2598. | 3/24/08 | ck # 23286 | 3000 |
| Aug. | $2165. | 10/29/07 | ck # 22242 | 3000 |
| Sept. | $2165. | 10/29/07 | ck # 22242 | 3000 |
| Oct. | $2165. | 2/1/08 | ck # 22882 | 2500 |
| Nov. | $2165. | 4/8/08 | ck # 23392 | 2500 |
| Dec. | $2165. | 5/23/08 | ck # 23593 | 2500 |

*29,011*                    Total 36,418        36418

**2008**

| Month | Payment | | | Owed |
|---|---|---|---|---|
| Jan. | No payment | | | 2500 |
| Feb. | No payment | | | 2500 |
| March. | No payment | | | 2500 |
| April | No payment | | | 2500 |
| May | $2500. | 5/23/08 | Ck # 23741 | 2500 |
| June | No payment | | | 2500 |

*2500*                      Total 15,000       15,000
**Perfecto 81284**  *Warehouse*                    151,418

**2007**

| Month | Paid | Date | Check | Owed |
|---|---|---|---|---|
| Jan. | $1519. | 8/27/07 | ck # 21713 | 1519 |

| | | | | |
|---|---|---|---|---|
| Feb. | $1519. 11/20/07 | ck # 22440 | | 1519 |
| March | $1519. 11/2/07 | ck # 22282 | | 1519 |
| April | $1302. 11/2/07 | ck # 22282 | | 1302 |
| May | $1302. 1/9/08 | ck # 22751 | | 1302 |
| June | $1302. 3/7/08 | ck # 23160 | | 1302 |
| July | $1302. 3/24/08 | ck # 23286 | | 1800 |
| Aug. | $1302. 10/29/07 | ck # 22242 | | 1800 |
| Sept. | $1302. 10/29/07 | ck # 22242 | | 1800 |
| Oct. | $1302 2/1/08 | ck # 22882 | | 1800 |
| Nov. | $1085 4/8/08 | ck # 23392 | | 1800 |
| Dec. | $1085 5/23/08 | ck # 23593 | | 1800 |

15,841                Total    19,263        19263

**2008**

| | | | | |
|---|---|---|---|---|
| Jan | No Payment | | | 1800 |
| Feb. | No Payment | | | 1800 |
| March | No Payment | | | 1800 |
| April | No payment | | | 1800 |
| May | $1500. 5/23/08 | ck # 23741 | | 1800 |
| June | No payment | | | 1800 |

1500                Total    10800        10800

June Yorkus

Crossroads Healthcare Management, LLC

Local 210

718-303-7781

# 30,063
owed  81,481
Total

Total Paid —
29,011
2,500
15,841
1,500
48,852

Owed  81,481
Paid   48,852
Balance Due  32,629

## LOCAL 210 PENSION FUND
### Income by Customer Detail
January 2004 through December 2007

3:47 PM
01/17/08
Cash Basis

*(handwritten signature: Perfecto)*

| Date | Num | Memo | Paid Amount |
|---|---|---|---|
| **SELECTO CORP.** | | | |
| 2/3/2004 | 145648 | NOVEMBER 2003 | 2,294.00 |
| 2/3/2004 | 145648 | DECEMBER 2003 | 2,294.00 |
| 3/24/2004 | 146829 | JANUARY 2004 | 2,294.00 |
| 8/24/2007 | 21714 | ON ACCOUNT | 2,848.00 |
| 10/31/2007 | 22241 | ON ACCOUNT | 2,236.00 |
| 11/28/2007 | 22441 | ON ACCOUNT | 744.00 |
| **Total SELECTO CORP.** | | | 12,748.00 |

*(handwritten: Perfecto)* *(handwritten: 5828)*

---

## LOCAL 210 PENSION FUND
### Income by Customer Detail
January 1 through June 4, 2008

2:34 PM
06/04/08
Cash Basis

| Date | Num | Memo | Paid Amou... |
|---|---|---|---|
| **PERFECTO/ SELECTO CORP.** | | | |
| 2/7/2008 | 22883 | October 2007 | 979.00 |
| 3/19/2008 | | November 2... | 2,627.00 |
| 3/26/2008 | | | 744.00 |
| 4/10/2008 | | December 2... | 890.00 |
| 5/29/2008 | | January 2008 | 1,029.00 |
| **Total PERFECTO/ SELECTO CORP.** | | | 6,269.00 |

*(handwritten notes:)*
Owed 19,408
Paid 12,097

Blue Due 7,311

5828
6269
12,097

*Perfecto — Pension*

| month | # of Employees @ 89 | Amt owed |
|---|---|---|
| JAN 07 | 18 | 1602 |
| Feb 07 | 18 | 1602 |
| March | 13 | 1157 |
| April | 12 | 1068 |
| May | 12 | 1068 |
| June | 12 | 1068 |
| July | 12 | 1068 |
| Aug | 12 | 1068 |
| Sept | 12 | 1068 |
| Oct | 11 | 979 |
| Nov | 10 | 890 |
| Dec | 10 | 890 |
|  |  | 13,528 |
| @ 98 a month |  |  |
| JAN '08 | 10 | 980 |
| Feb 08 | 10 | 980 |
| March 08 | 10 | 980 |
| April 08 | 10 | 980 |
| May 08 | 10 | 980 |
| June '08 | 10 | 980 |
|  |  | 5,880 |

Total owed 19,408

# BT&CO.

**BUCHBINDER TUNICK & COMPANY LLP**
CERTIFIED PUBLIC ACCOUNTANTS

ONE PENNSYLVANIA PLAZA • SUITE 5335 • NEW YORK, NY 10119-0219
212-695-5003 • FAX 212-695-4638 • www.buchbinder.com

June 9, 2008

Mr. Kevin McCulloch Director
Local 210 Benefit Funds
110 Wall Street, 3rd Floor
New York, NY 10005

Re: Perfecto Corp.

Dear Kevin:

As per your request, enclosed please find the following:

1) Schedule of liquidated damages due on underpaid health contributions for the period from January 1, 2007 through June 30, 2008 (Drivers).

2) Schedule of liquidated damages due on underpaid health contributions for the period from January 1, 2007 through June 30, 2008 (Warehouse).

3) Schedule of liquated damages due on underpaid pension contributions for the period from January 1, 2007 through June 30, 2008 (Warehouse).

Feel free to contact me, if you have any questions.

Sincerely,

Ken Perlman, CPA

G08612/MCCULLOCH/60908

OFFICE IN : ROCKVILLE, MARYLAND

LOCAL 210 BENEFIT FUNDS
PAYROLL COMPLIANCE ENGAGEMENT
PERFECTO CORP.
CALCULATION OF LIQUIDATED DAMAGES DUE ON THE UNDERPAID HEALTH CONTRIBUTIONS
FOR THE PERIOD FROM JANUARY 1, 2007 THROUGH JUNE 30, 2008

*DRIVER*

| MONTH / YEAR | BALANCE DUE | | DUE DATE | UNPAID PERIOD FROM / TO | NUMBER OF MONTHS | MONTHLY LIQUIDATED DAMAGES AMOUNT | | LIQUIDATED DAMAGES AMOUNT DUE | |
|---|---|---|---|---|---|---|---|---|---|
| Jan-07 | $ | 2,165.00 | 2/10/07 | N/A | - | $ | - | $ | - |
| Feb-07 | $ | 2,165.00 | 3/10/07 | N/A | - | $ | - | $ | - |
| Mar-07 | $ | - | 4/10/07 | N/A | - | $ | - | $ | - |
| Apr-07 | $ | - | 5/10/07 | N/A | - | $ | - | $ | - |
| May-07 | $ | - | 6/10/07 | N/A | - | $ | - | $ | - |
| Jun-07 | $ | - | 7/10/07 | N/A | - | $ | - | $ | - |
| Jul-07 | $ | 402.00 | 8/10/07 | N/A | - | $ | - | $ | - |
| Aug-07 | $ | 835.00 | 9/10/07 | N/A | - | $ | - | $ | - |
| Sep-07 | $ | 835.00 | 10/10/07 | 10/10/07 - 6/30/08 | 8.50 | $ | 20.88 | $ | 177.44 |
| Oct-07 | $ | 335.00 | 11/10/07 | 11/10/07 - 6/30/08 | 7.50 | $ | 8.38 | $ | 62.81 |
| Nov-07 | $ | 335.00 | 12/10/07 | 12/10/07 -6/30/08 | 6.50 | $ | 8.38 | $ | 54.44 |
| Dec-07 | $ | 335.00 | 1/10/08 | 1/10/08 - 6/30/08 | 5.50 | $ | 8.38 | $ | 46.06 |
| Jan-08 | $ | 2,500.00 | 2/10/08 | 2/10/08 - 6/30/08 | 4.50 | $ | 62.50 | $ | 281.25 |
| Feb-08 | $ | 2,500.00 | 3/10/08 | 3/10/08 -6/30/08 | 3.50 | $ | 62.50 | $ | 218.75 |
| Mar-08 | $ | 2,500.00 | 4/10/08 | 4/10/08 - 6/30/08 | 2.50 | $ | 62.50 | $ | 156.25 |
| Apr-08 | $ | 2,500.00 | 5/10/08 | 5/10/08 - 6/30/08 | 1.50 | $ | 62.50 | $ | 93.75 |
| May-08 | $ | - | 6/10/08 | 6/10/08 -6/30/08 | 0.50 | $ | - | $ | - |
| Jun-08 | $ | 2,500.00 | 7/10/08 | N/A | - | $ | - | $ | - |

| TOTAL | $ | 19,907.00 | | | | | | $ | 1,090.75 |

NOTE: Liquidated damages is calculated at 2 1/2 % per month simple interests.

**LOCAL 210 BENEFIT FUNDS**
**PAYROLL COMPLIANCE ENGAGEMENT**
**PERFECTO CORP.**
**CALCULATION OF LIQUIDATED DAMAGES DUE ON UNDERPAID HEALTH CONTRIBUTIONS**
**FOR THE PERIOD FROM JANUARY 1, 2007 THROUGH JUNE 30, 2008**

*WAREHOUSE*

| MONTH / YEAR | BALANCE DUE | | DUE DATE | UNPAID PERIOD FROM / TO | NUMBER OF MONTHS | MONTHLY LIQUIDATED DAMAGES AMOUNT | | LIQUIDATED DAMAGES AMOUNT DUE | |
|---|---|---|---|---|---|---|---|---|---|
| Jan-07 | $ | - | 2/10/07 | N/A | - | $ | - | $ | - |
| Feb-07 | $ | - | 3/10/07 | N/A | - | $ | - | $ | - |
| Mar-07 | $ | - | 4/10/07 | N/A | - | $ | - | $ | - |
| Apr-07 | $ | - | 5/10/07 | N/A | - | $ | - | $ | - |
| May-07 | $ | - | 6/10/07 | N/A | - | $ | - | $ | - |
| Jun-07 | $ | - | 7/10/07 | N/A | - | $ | - | $ | - |
| Jul-07 | $ | 498.00 | 8/10/07 | N/A | - | $ | - | $ | - |
| Aug-07 | $ | 498.00 | 9/10/07 | N/A | - | $ | - | $ | - |
| Sep-07 | $ | 498.00 | 10/10/07 | 10/10/07 - 6/30/08 | 8.50 | $ | 12.45 | $ | 105.83 |
| Oct-07 | $ | 498.00 | 11/10/07 | 11/10/07 - 6/30/08 | 7.50 | $ | 12.45 | $ | 93.38 |
| Nov-07 | $ | 715.00 | 12/10/07 | 12/10/07 -6/30/08 | 6.50 | $ | 17.88 | $ | 116.19 |
| Dec-07 | $ | 715.00 | 1/10/08 | 1/10/08 - 6/30/08 | 5.50 | $ | 17.88 | $ | 98.31 |
| Jan-08 | $ | 1,800.00 | 2/10/08 | 2/10/08 - 6/30/08 | 4.50 | $ | 45.00 | $ | 202.50 |
| Feb-08 | $ | 1,800.00 | 3/10/08 | 3/10/08 -6/30/08 | 3.50 | $ | 45.00 | $ | 157.50 |
| Mar-08 | $ | 1,800.00 | 4/10/08 | 4/10/08 - 6/30/08 | 2.50 | $ | 45.00 | $ | 112.50 |
| Apr-08 | $ | 1,800.00 | 5/10/08 | 5/10/08 - 6/30/08 | 1.50 | $ | 45.00 | $ | 67.50 |
| May-08 | $ | 300.00 | 6/10/08 | 6/10/08 -6/30/08 | 0.50 | $ | 7.50 | $ | 3.75 |
| Jun-08 | $ | 1,800.00 | 7/10/08 | N/A | - | $ | - | $ | - |

**TOTAL**    $  12,722.00                                                            $   957.45

NOTE:  Liquidated damages is calculated at 2 1/2 % per month simple interest.

**LOCAL 210 BENEFIT FUNDS**
**PAYROLL COMPLIANCE ENGAGEMENT**
**PERFECTO CORP.**
**CALCULATION OF LIQUIDATED DAMAGES DUE ON THE UNDERPAID PENSION CONTRIBUTIONS**
**FOR THE PERIOD FROM JANUARY 1, 2007 THROUGH JUNE 30, 2008**

*WAREHOUSE*

| MONTH / YEAR | BALANCE DUE | DUE DATE | UNPAID PERIOD FROM / TO | NUMBER OF MONTHS | MONTHLY LIQUIDATED DAMAGES AMOUNT | LIQUIDATED DAMAGES AMOUNT DUE |
|---|---|---|---|---|---|---|
| Jan-07 | $ - | 2/10/07 | N/A | - | $ - | $ - |
| Feb-07 | $ - | 3/10/07 | N/A | - | $ - | $ - |
| Mar-07 | $ - | 4/10/07 | N/A | - | $ - | $ - |
| Apr-07 | $ - | 5/10/07 | N/A | - | $ - | $ - |
| May-07 | $ - | 6/10/07 | N/A | - | $ - | $ - |
| Jun-07 | $ - | 7/10/07 | N/A | - | $ - | $ - |
| Jul-07 | $ 178.00 | 8/10/07 | N/A | - | $ - | $ - |
| Aug-07 | $ 1,068.00 | 9/10/07 | N/A | - | $ - | $ - |
| Sep-07 | $ 1,068.00 | 10/10/07 | 10/10/07 - 6/30/08 | 8.50 | $ 26.70 | $ 226.95 |
| Oct-07 | $ - | 11/10/07 | 11/10/07 - 6/30/08 | 7.50 | $ - | $ - |
| Nov-07 | $ 146.00 | 12/10/07 | 12/10/07 -6/30/08 | 6.50 | $ 3.65 | $ 23.73 |
| Dec-07 | $ - | 1/10/08 | 1/10/08 - 6/30/08 | 5.50 | $ - | $ - |
| Jan-08 | $ - | 2/10/08 | 2/10/08 - 6/30/08 | 4.50 | $ - | $ - |
| Feb-08 | $ 931.00 | 3/10/08 | 3/10/08 -6/30/08 | 3.50 | $ 23.28 | $ 81.46 |
| Mar-08 | $ 980.00 | 4/10/08 | 4/10/08 - 6/30/08 | 2.50 | $ 24.50 | $ 61.25 |
| Apr-08 | $ 980.00 | 5/10/08 | 5/10/08 - 6/30/08 | 1.50 | $ 24.50 | $ 36.75 |
| May-08 | $ 980.00 | 6/10/08 | 6/10/08 -6/30/08 | 0.50 | $ 24.50 | $ 12.25 |
| Jun-08 | $ 980.00 | 7/10/08 | N/A | - | $ - | $ - |

**TOTAL**     $ 7,311.00                                                    $ 442.39

NOTE:  Liquidated damages is calculated at 2 1/2 % per month simple interests.

## Exhibit E

| | | |
|---|---|---|
| 3/13 | Draft notice of delinquency | 1 |
| 3/21 | Draft notice of Complaint | 2 ½ |
| 4/1 | Process filing of court papers | 1 ½ |
| 4/14 | Correspondence with Perfecto re: action | ½ |
| 4/28 | Phone client Kevin McCulloch, review Funds' records | 1 |
| 5/5 | Phone C. Brodsky (officer of Perfecto) | ¼ |
| 5/20 | Phone client Kevin McCulloch, correspondence to Perfecto | ½ |
| 6/3 | Phone client Kevin McCulloch, correspondence to Perfecto | 1 ¼ |
| 6/4 | Draft default papers, research | 5 |
| 6/12 | Finalize and file summary default papers | 2 ½ |
| | Total: | 14 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LOCAL 210 HEALTH AND INSURANCE FUND,  :
LOCAL 210 DENTAL FUND and LOCAL 210       :
PENSION FUND,                                                     :
                                                                         :      **JUDGMENT**
                                         Plaintiff,                 :
                                                                         :      DOCKET NO.
                                                                         :      08-CV-3253 (BSJ)(AJP)
        -against-                                                 :
                                                                         :
PERFECTO DISTRIBUTORS, LLC. d/b/a PERFECTO    :
DISTRIBUTORS, INC.                                         :
                                        Defendants.           :
------------------------------------------------------------------------X

1.    Plaintiff's motion for default summary judgment is granted; and it is further

2.    ORDERED, ADJUDGED and DECREED that Perfecto Distributors, LLC. d/b/a

Perfecto Distributors, Inc., ("Defendant") jointly and severally, are liable to the Local 210 Health and

Insurance Fund, Local 210 Dental Fund and Local 210 Pension Fund ("Plaintiffs") for monetary

contributions owed to the respective Plaintiffs' Funds pursuant to the collective bargaining

agreement between Defendant and International Brotherhood of Teamsters, Local 210 ("Union");

and it is further

3.    ORDERED, ADJUDGED and DECREED, that Defendant is found to be in violation

of Section 515 of ERISA (29 U.S.C. § 1145) based upon Defendant's failure to pay and timely pay

and submit required monetary contributions and remittance reports to the Funds for the periods

November 2007 through the date of this judgment; and it is further

4.    ORDERED, ADJUDGED and DECREED, that Plaintiffs have judgment against

Defendant in the amounts of $64,320.00 for contributions owed for the period of November 1, 2007

plus interest and liquidated damages in the amount of $2,490.59, attorneys fees in the amount of

$3,500.00, costs of $350.00, for a judgment in the total amount of $70,660.59; and it is further

5.      ORDERED, ADJUDGED and DECREED,  that Defendant produce within ten (10) days of the date of this judgment, completed remittance reports for all its employees who are covered by the Plaintiffs' Funds for the period of November 2007 through the date of this judgment; and it is further

6.      ORDERED, ADJUDGED and DECREED that Defendant shall pay all additional contributions admitted to be owed to the Funds (pursuant to the remittance reports filed pursuant to paragraph 5), to the extent such are above the amount of principal set forth in paragraph 4 above, within ten (10) days of the date of this judgment; and it is further

7.      ORDERED, ADJUDGED and DECREED that Plaintiffs' request for injunctive relief be and the same is hereby granted, enjoining Defendant, its officers, employees and representatives from incurring further delinquencies to the Plaintiffs and affirmatively directing Defendant, its officers, employees and representatives  to timely submit future periodic remittance reports as per the Plaintiffs'  procedure and to timely submit payment of future contributions to the Plaintiffs for all periods that defendant is contractually obligated to make such payments; and it is further

8.      ORDER, ADJUDGED and DECREED, that Defendant permit Plaintiffs or their duly designated representative to audit the payroll records or Defendant, such records to include, but not be limited to Defendant's payroll registers, quarterly payroll tax forms, cash disbursement records, 940 forms, W-2 forms and such other and further records as are deemed by Plaintiffs as are necessary to assure Defendants' compliance with the collective bargaining agreement as same applies to Plaintiffs.

SO ORDERED_____          _____
                    U.S.D.J                                              Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOCAL 210 HEALTH AND INSURANCE FUND,     :
LOCAL 210 PENSION FUND, LOCAL 210 :
SCHOLARSHIP AND EDUCATION FUND,          :
AND LOCAL 210 ANNUITY FUND,
                                         :
                            Plaintiffs,  :
                                         :
        -against-                        :
                                         :
PERFECTO DISTRIBUTORS LLC                :
                                         :
                            Defendant.   :
------------------------------------------------------------------X

**CLERK'S CERTIFICATE**

DOCKET NO. 08-CV-3253
(BSJ)(AJP)

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the

Southern District of New York, do hereby certify that this action commenced on April 1, 2008 with

the filing of a summons and complaint, a copy of the summons and complaint was served on

defendants by serving Perfecto Distributors LLC. d/b/a Perfecto Distributors, Inc. on April 22, 2008,

and proof of such service thereof was filed on June 3, 2008.

I further certify that the docket entries indicate that the defendant has not filed answers

or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated: New York, New York
       June 12, 2008

J. MICHAEL MCMAHON
Clerk of the Court

By:_____
        Deputy Clerk